# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREGORY S. GOODYEAR,**

    **Plaintiff,**

vs.                                    Case No. 4:13cv440-RS/CAS

**GOVERNOR RICK SCOTT,**
**ATTORNEY GENERAL PAM BONDI,**
**THE FLORIDA BAR, and JUDICIAL**
**QUALIFICATIONS COMMISSION,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On August 7, 2013, the pro se Plaintiff submitted a complaint, doc. 1, and a motion to proceed in forma pauperis, doc. 2. Neither the complaint nor the motion are on the court forms as required by the Local Rules of this Court. N.D. Fla. Loc. R. 5.1(J)(2). Prior to review of this case, Plaintiff submitted an amended complaint, doc. 4, on August 15, 2013. Thereafter, Plaintiff submitted a second amended complaint, doc. 5, and another in forma pauperis motion, doc. 6. Those documents are submitted on court forms, but Plaintiff improperly used prisoner forms. Plaintiff is not incarcerated. Doc. 6 at 1.

Plaintiff's initial in forma pauperis motion, doc. 2, is insufficient because it is not supported by a financial affidavit. Plaintiff's second motion, doc. 6, is also insufficient as it does not provide the necessary information for ruling on a non-prisoner's in forma pauperis motion. Notwithstanding those deficiencies, there is no need to provide Plaintiff with the correct forms because review of Plaintiff's complaint and amended complaints reveal that Plaintiff fails to state a claim upon which relief may be granted. Thus, Plaintiff should be granted in forma pauperis status for the limited purpose of dismissal of this case.

Although Plaintiff filed a second amended complaint, doc. 5, that document is insufficient and will not be considered further because in setting forth the facts, Plaintiff wrote only "complaint filed" and "federal involvement of conspiracy." Doc. 5 at 5. Plaintiff sought no relief and presented no constitutional claims. *Id.* at 7. The document is a legal nullity and the amended complaint, doc. 4, has been reviewed.

Plaintiff's amended complaint, doc. 4, asserts that Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241 and § 242. Doc. 4 at 1. As an initial matter, § 241 makes it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States and § 242 makes it a crime to deprive another of such rights, under color of law, on account of alienage, color or race. These are criminal provisions, however, and it is well settled that they "provide no basis for civil liability." Moore v. Kamikawa, 940 F. Supp. 260, 265 (D. Haw. 1995), *aff'd* 82 F.3d 423 (9th Cir. 1996), *citing* Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Willing v. Lake Orion Community Schools Bd. of Trustees, 924 F. Supp. 815, 818 (E.D. Mich. 1996); Lord v. Albright, No. 3:97-CV-1593-G,1998 WL 50456, at *5

(N.D. Tex. Jan 16, 1998), *citing* Sarelas v. Anagnost, 332 F.2d 111, 113 (7th Cir. 1964). Thus, to the degree Plaintiff's claims are based on § 241 or § 242, they must be dismissed.

Plaintiff's allegations in the amended complaint, doc. 4, reveal that Plaintiff believes there has been "a possible Forgery of Judge Edward Voltz of the Lee County's 20th Judicial Circuit of Florida." *Id.* at 1. Plaintiff attached an exhibit to the amended complaint which is a copy of a judgment entered against Plaintiff in a 2004 criminal case, which bears the signature of Judge Edward J. Volz, Jr., and was dated July 22, 2008. However, Plaintiff contends that he never appeared before that Judge. *Id.* at 2. Plaintiff contends that five years later, on August 8, 2013, the clerks officer advised that the mistake was corrected. *Id.* Plaintiff claims "after 5 years, they took this Judgment back to Judge Mark Steinbeck to sign as they made it look as though Judge Edward Voltz took this bogus plea." *Id.* Plaintiff contends that the Office of the Florida Attorney General defended Plaintiff's appeal of his criminal conviction and did so unlawfully. *Id.* Plaintiff does not, however, explain how or why it was unlawful. Notably, Plaintiff acknowledges that Attorney General Pam Bondi was not the Attorney General at the time. *Id.* Plaintiff contends, however, that Attorney General Bondi has a duty to uphold the Constitution and protect citizens "from such illegal actions by her office whether or not taking place under her command or not." *Id.* "Plaintiff seeks an Order to the Attorney Generals Office to look into the illegal actions by previous actions." *Id.*

The amended complaint, doc. 4, is unsigned by Plaintiff and is a legal nullity. However, even if it were signed, Plaintiff reveals no facts which show that Pam Bondi has personally violated Plaintiff's constitutional rights. The doctrine of *respondeat*

*superior* does not provide a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).  Although personal participation is not specifically required for liability under § l983, there must be some causal connection between each defendant named and the injury allegedly sustained.  Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995), *citing* Rivas and Zatler; Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).  One cannot be held liable for the actions or omissions of others but can only be held responsible if she participated in the deprivation of a plaintiff's constitutional rights.  Because Pam Bondi cannot be held liable to Plaintiff because of actions taken by other persons, the amended complaint fails to state a claim.

      To ensure complete review of Plaintiff's case, the original complaint, doc. 1, has also been reviewed.  Plaintiff named Governor Rick Scott, The Florida Bar, the Judicial Qualifications Commission, and Attorney General Pam Bondi as the Defendants, just as Plaintiff did in each of the purported amended complaints.  The complaint asserts claims only under 28 U.S.C. § 241 and § 242 and, thus, as noted above, is not a viable basis for a civil rights action.  Moreover, Plaintiff's allegations of facts solely concern Plaintiff's arrest on May 28, 2004, allegations of conspiracy, conflicting police reports, lack of probable cause, and lack of a warrant.  Doc. 1 at 1-3.  Plaintiff claims there was a conspiracy between the judge, an assistant attorney, defense counsel, and others.

*Id.* at 4. Plaintiff alleges police corruption and claims the Governor should have intervened and filed complaints against the state attorney, and "called in a Federal Investigation to seek Justice." *Id.* at 5.

Plaintiff does not seek any relief in the original complaint, doc. 1, but no relief can be provided. Plaintiff's allegations span between 2004 and July 23, 2008. Those events are barred by the statute of limitations. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988). Even assuming Plaintiff had properly asserted claims under 42 U.S.C. § 1983 instead of 18 U.S.C. § 241, § 242, which he did not, Plaintiff's claims are barred by the statute of limitations and the complaint is insufficient.

Furthermore, there are no claims of wrongdoing by any of the four named Defendants. Those persons are unconnected to Plaintiff's criminal prosecution and had no involvement in Plaintiff's criminal case. Because the complaint fails to allege a viable constitutional claim, this action should be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for leave to proceed in forma pauperis, docs. 2 and 6, be **GRANTED** for the limited purpose of dismissal of this action, and this case be **DISMISSED** for failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**